Meechan, Rosenthal & Karpilow, P.C.
Benjamin K. Karpilow – S.B.N. 266332
703 Second Street, Suite 200
Santa Rosa, California 95404
benkarpilow1@gmail.com
Tel:     707.528.4409
Fax:     707.528.3381

**Attorneys for Plaintiff**
**JENNIFER SALDANA**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER SALDANA,<br><br>       Plaintiff,<br><br>  vs.<br><br>COUNTY OF MARIN, a Governmental Entity; ALICIA KRUPINSKY, an individual; DAVID COLE, an individual; MARIANO ZAMUDIO, an individual; ANTHONY RAITANO, an individual; and DOES 1 - 10, INCLUSIVE,<br><br>       Defendants. | Case Number:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

## BACKGROUND

1.      This case involves claims of sexual harassment, retaliation for reporting sexual harassment, and Defendant County of Marin's ("Defendant" or "the County") years-long failure to prevent harassment, discrimination, and retaliation within the Probation Department. Plaintiff Deputy Probation Officer Jennifer Saldana's ("Plaintiff" or "Officer Saldana") claims arise from the County's mishandling of the complaint of the sexual assault of Officer Saldana in 2015 by then-Probation Officer David Cole, which was investigated and substantiated by the County. Since that time, Officer Saldana has

been subjected to repeated acts of discrimination, retaliation and unwarranted scrutiny; denied several promotions; been falsely accused of misconduct; and has received negative performance evaluations. By contrast, and despite the County's stated zero-tolerance policy for unlawful harassment and retaliation, Cole received a mere one-day suspension for his sexual assault on Officer Saldana, and has actually been promoted twice since sexually assaulting her in 2015; most recently to supervisor.

2.     Unfortunately, and despite its own investigations of Officer Saldana's complaints, the County has failed to take appropriate corrective action. This has resulted in the perpetuation of a hostile work environment that has been ongoing for Officer Saldana and her female colleagues, many of whom have also made formal and informal complaints about Cole and others in his chain of command; and several of whom have made sworn declarations attesting to the hostile work environment they experienced at the County. The evidence clearly shows there is a systemic pattern of protecting male officers who commit acts of sexual assault and harassment against their female colleagues.

## ADMINISTRATIVE PROCEDURES

3.     Plaintiff has exhausted all applicable administrative remedies with the United States Equal Employment Opportunity Commission ("EEOC") and the California Civil Rights Department ("CCRD;" formerly called the California Department of Fair Employment and Housing, "DFEH"), and has received "Right to Sue" letters from the EEOC and DFEH/CCRD.

4.     Plaintiff has brought all claims alleged herein within their applicable statutes of limitations, and any conduct alleged to be outside the applicable statute of limitations is part of a continuous pattern of conduct that falls within the gambit of the continuing violation doctrine. Moreover, Plaintiff's claims ("Plaintiff's Federal Law Claims") are subject to the jurisdiction of the EEOC and are timely brought by Plaintiff pursuant to a tolling agreement between the Parties and their duly-authorized

**COMPLAINT FOR DAMAGES**                                    *Saldana v. County of Marin, et al.*

representatives extending the statute of limitations for Plaintiff's Federal Law Claims to April 1, 2023.

## JURISDICTION AND VENUE

5.      Plaintiff's claims are authorized by 28 U.S.C. §1343; 28 U.S.C. §1331; 42 USC section 2000e *et seq.;* 42 USC 1981; and California Government Code section 12900 *et seq.* Plaintiff also invokes the Court's pendent jurisdiction to adjudicate her state law claims.

6.      This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 USC §§1331 and 1343.

7.      All of Defendants' actions complained of herein have taken place within the jurisdiction of the United States District Court for the Northern District of California. Venue is appropriate in this district pursuant to 28 U.S.C. §1391.

8.      This Court also has jurisdiction over all of Plaintiffs causes of action, including but not limited to under the late discovery doctrine, since Plaintiff did not discover the facts giving rise to her claims of retaliation against individual Defendant Mariano Zamudio, and failure to prevent harassment, discrimination, and retaliation against the County, until July 2021. Plaintiff thereafter amended her administrative charge of discrimination/retaliation with the DFEH/CCRD; and there was no way for Plaintiff reasonably to discover this prior to that date. (See, e.g., *Mangum v. Action Collection Serv., Inc.*, 575 F.3d 935, 940 (9th Cir. 2009) [quoting *Norman-Bloodsaw v. Lawrence Berkeley Lab.,* (9th Cir. 1998) 135 F.3d 1260, 1266)]; see also, e.g., *Fox v. Ethicon Endo-Surgery, Inc.,* (Cal. 2005) 110 P.3d 914, 921.)

## PARTIES

9.      At all times relevant herein, Plaintiff Jennifer Saldana was an adult employee of Defendant County of Marin, and resident of Sonoma County, California.

10.     At all times relevant herein, Defendant County of Marin was a government entity operating in the City of San Rafael, County of Marin, State of California, which is in the jurisdiction of the United States District Court for the District of Northern California.

11.     At all times relevant herein, Individual Defendant Mariano Zamudio ("Zamudio") was an adult employee of Defendant County and held a position of authority over Plaintiff.

12.     At all times relevant herein, Individual Defendant Anthony Raitano ("Raitano") was an adult employee of Defendant County and held a position of authority over Plaintiff.

13.     At all times relevant herein, Individual Defendant Alisha Krupinsky ("Krupinsky") was an adult employee of Defendant County and held a position of authority over Plaintiff.

14.     At all times relevant herein, Individual Defendant David Cole ("Cole") was an adult employee of Defendant County and held a position of authority over Plaintiff.

15.     Plaintiff is ignorant of the true names and capacities of Defendants sued herein as Does 1-10, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities once ascertained.

16.     Defendant County is an employer under the California Fair Employment and Housing Act ("FEHA") and Title VII of the Civil Rights Act of 1964; and is subject to suit under those laws.

**FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS:**

17.     The underlying act of sexual assault occurred on November 21, 2015 when Individual Defendant then-Probation Officer David Cole slapped Officer Saldana on her buttocks at a trade show. Cole's conduct was a sexual assault under applicable California

4

1    law; as well as a sexual battery under California Civil Code section 1708.5; and gender-
2    based violence under California Civil Code sections 51.7 and 52. It is also sexual
3    harassment under both California Government Code section 12940, and the County's
4    own Personnel Management Regulations, PMR 21.3, which defines harassment.

5        18.    Officer Saldana had multiple conversations with Individual Defendant
6    Deputy Chief of Probation Mariano Zamudio, and with Individual Defendant Director of
7    Adult Probation Services Alisha Krupinsky; each advised her to report the
8    assault. Zamudio told Officer Saldana it was important for her to report Cole's assault
9    because it takes courage and leadership, things that are looked at during the
10   promotional process.

11       19.    After a holiday party for the Probation Department in January 2016,
12   Zamudio also told Officer Saldana that "Dave [Cole] didn't learn," after seeing Cole
13   following the female photographer around and trying to slap her buttocks.

14       20.    Krupinsky also stressed the importance of reporting Cole's sexual assault,
15   relating that Cole had used a racial slur while talking to a Black deputy. Cole had
16   announced he was going to Oakland. When he returned from Oakland, this Black deputy
17   asked if Cole had brought him a burger was and Cole loudly told him in his colleagues'
18   presence, "Boy, I told you I ain't gettin' you no hamburger." In the context of stressing
19   that Officer Saldana needed to report Cole for sexual assault, Krupinsky said the prior
20   Director of Probation, Teresa Tillman, had not handled that incident correctly.
21   Krupinsky also told Officer Saldana of an incident on the gun range when Cole told a
22   Hispanic female deputy  officer named Caranza, who was having a difficult time
23   qualifying, "Come on, Caranza! You're not a Mexi*can't*, you're a Mexi*can*."

24       21.    Despite their knowledge of Cole's assault and apparent support for
25   Saldana -- and apparent support of the County's internal policies -- neither Zamudio nor
26   Krupinsky reported Cole's sexual assault to the County's EEO Director, Roger Crawford,
27   or its then-Human Resources (HR) Director, Angela Nicholson or her successor as of

28

January 2016, Mary Hao, as required by PMR 21.4. This left Officer Saldana with the choice of filing the PMR complaint herself and facing retaliation; or doing nothing and allowing Cole's assault and unlawful behavior to go unreported and unchecked. Ultimately, and from a source unbeknown to Officer Saldana, a complaint was filed charging Cole with having violated the County's Equal Employment Opportunity policy prohibiting sexual harassment, Personnel Management Regulation 21. The ensuing investigation substantiated Saldana's allegations against Cole, which the County characterized as an "improper touching." (Attachment 1.)

22.     Notably, Krupinsky knew Cole had previously made unwanted sexual advances on at least one other woman in the Probation Department. In or around 2014, there was an office event, and a number of people including Officer Saldana later went to the home of a clerical worker in the Probation Department named Nancy Hillman. While looking down the hall, Officer Saldana saw a door open to a bedroom and could see Cole on top of Ms. Hillman. She saw that both Cole and Ms. Hillman were lying on the bed with their legs moving around. She could hear Ms. Hillman saying words to the effect of, "Stop it, get off me! Get off me!" Officer Saldana went in and urged Cole to get off Ms. Hillman, who appeared to be intoxicated. Krupinsky also saw what was happening in the bedroom but did nothing to stop it, let alone admonish Cole, her subordinate.

23.     In January 2016 and while the sexual harassment charge was still under investigation, Officer Saldana was required to attend range training with Cole, who proceeded to slap the buttocks of a male Officer named Frank Peterson in a similar manner as his sexual assault on Officer Saldana, in a manner he intended her to witness, and laughed while making eye contact with Officer Saldana. Cole's conduct was a clear attempt to intimidate Officer Saldana. She reported this incident to her supervisor, Jeff Virzi, who notified Deputy Chief of Probation, Mariano Zamudio. When Officer Saldana and Zamudio met to discuss the matter, Zamudio offered Officer Saldana no support

**COMMPLAINT FOR DAMAGES**                                   *Saldana v. County of Marin, et al.*

and, in fact, leaned in close to her and, smirking, aggressively asked, "Was he mocking you, was he laughing at you? Do you think Frank [Peterson] was laughing at you?" Officer Saldana responded she simply wanted not to be in training with Cole anymore. Zamudio replied with an exasperated voice, "Okay, okay, Jennifer," and walked out with a look of disgust on his face.

24.    In or around late July 2016, Officer Saldana received her first performance evaluation since the filing of the PMR claim against Cole. The evaluation, completed by her then-supervisor, Jeff Virzi, accused her of "abandoning" her post on an assignment that involved Cole, this at a time when the 2016 complaint was still under investigation and Officer Saldana had requested to leave early. She declined to sign the evaluation given its inaccuracies. Officer Saldana had also been advised by EEO Director Roger Crawford to avoid contact with Cole during the pendency of the County's investigation into the sexual harassment claim against Cole, and that was why she asked Virzi to leave early on the date in question. Virzi did not support her request, exclaiming "You? Leaving? You're leaving right now?" He wanted an explanation, but Cole was about 10 feet away, and Officer Saldana was uncomfortable going into specifics in Cole's presence. Yet even after Officer Saldana later told Virzi why she had left early, he still refused to remove the job abandonment reference from her evaluation.

25.    Officer Saldana drafted a written rebuttal challenging the false statements in her performance evaluation. However, it was only *after* she involved her Union and escalated the matter to then-Chief of Probation Mike Daly that the "job abandonment" reference was finally removed from her review. After this escalation to Chief Daly, he told the Union that he would work to help to relocate Officer Saldana away from Cole because she was a " good employee and you should feel safe coming to work." However, none of that resulted in Virzi removing the other inaccuracies in her review which Officer Saldana had pointed out to him, things which Virzi had exaggerated or overblown to Officer Saldana's detriment.

26.     And still, the retaliation continued. On or about May 4, 2017, Officer Saldana was denied promotion from Deputy Probation Officer (DPO) II to Senior DPO, even though she had been the Unit's acting Senior DPO since at least November 2016. Yet the promotion was awarded to none other than Officer Saldana's harasser, David Cole.

27.     Meanwhile, Krupinsky assigned Officer Saldana an inordinately large caseload between January 2017 and June 2018. Although Ms. Krupinsky said she would reduce Officer Saldana's caseload, when Officer Saldana discussed the issue with Supervisor of Adult Services, Cynthia Fix, Ms. Fix refused to do so.

28.     Almost three years after Cole's sexual assault, Officer Saldana still continued to experience a hostile work environment. After multiple requests over nearly two years to transfer out of the adult division, Officer Saldana was finally transferred to the juvenile division in June 2018, where she worked under the supervision of Janene Connor, Supervisor of Juvenile Investigations. Director of Juvenile Services, Kevin Lynch, emailed Officer Saldana on May 22, 2018 with a description of a newly-created job, as yet unapproved by the Union. This new job essentially consolidated the workload of two other staff members, Senior Deputy Probation Officer Matt Murphy, and Deputy Probation Officer Jeff White. Officer Saldana's prior caseload was divided among three full-time staff members, Jared McCarthy, Trevor Lillian, and another deputy probation officer whose name she cannot recall.

29.     On or about June 15, 2018 Officer Saldana received a performance evaluation containing yet more false statements. For example, the evaluation contained the unsupported and uncorroborated statement that Officer Saldana had referred to her CAJI probationers as "feral cats." Officer Saldana wrote a rebuttal contesting this false statement. (Attachment 2.)

30.     When Officer Saldana and Deputy Chief of Probation Mariano Zamudio met to discuss the points raised in her rebuttal, Zamudio responded by threatening to

**COMPLAINT FOR DAMAGES**                          *Saldana v. County of Marin, et al.*

open an Internal Affairs (IA) investigation and let IA determine who was "telling the truth." Saldana's union attorney, Susanna Farber, attended this meeting and documented Zamudio's conduct in a writing she prepared in connection with the investigation into Saldana's claims. (Attachment 3.)

31.    At Officer Saldana's insistence, Zamudio agreed to send her written rebuttal to Human Resources (HR) for inclusion in her personnel file. Officer Saldana later discovered in the course of copying her personnel and HR files with her union representative that Zamudio in fact never did this. Moreover, the copy of Saldana's June 2018 performance review she did find in her personnel file did not have a live signature, which is against the County's protocol.

32.    Zamudio continued to retaliate against Officer Saldana. In May 2020, he denied her the opportunity to travel to Michigan to transport probationers back to California, which would have entailed a significant amount of overtime hours. Officer Saldana had been the County's primary juvenile transport officer since 2018, yet Zamudio chose someone else for this assignment.

33.    On or about June 1, 2020, Janene Conner and Kevin Lynch's successor as Director of Juvenile Services, Eric Olson, informed Officer Saldana she would be moving back to the Adult Services Unit under the supervision of Dave Cole. Officer Saldana was informed that, although she would be in Cole's unit, she would be reporting directly to another Supervisor, Heather Damato. The transfer was finally rescinded after Officer Saldana told Ms. Connor and her Director, Eric Olson, she was concerned about being in Cole's chain of command given his prior harassment of her.

34.    Then on or about July 22, 2020, Officer Saldana was advised that she would be transferred to Anthony Raitano's unit. She objected to this transfer because Raitano and Cole are close friends. Saldana explicitly voiced this concern to her then-supervisor, Janene Conner. The transfer went through anyway, and Raitano requested that his first meeting with Officer Saldana be in his office. Raitano had

**COMPLAINT FOR DAMAGES**                    *Saldana v. County of Marin, et al.*

prominently placed a picture of Dave Cole at the front of his desk, facing towards the chair where Officer Saldana was to sit.

35.     Officer Saldana had previously confided in Raitano about her experience with Cole, telling him how traumatized she still felt. Raitano's openly displaying Cole's photo on the edge of his desk during their first meeting with Raitano as her supervisor was a clear and deliberate act of harassment and intimidation. Though the County's response to Officer Saldana's EEOC charge essentially claims this photo had always been on Raitano's desk, this is contradicted by Probation Officer Hugo Aracias and Probation Officer Yuliana Valenzuela, who confirm they never saw Cole's photo on Raitano's desk in that timeframe. (See Attachment 4.)

36.     Beginning in 2016 and due to Cole's history of harassment, Officer Saldana made numerous requests that she not be scheduled for trainings with Cole. After this kept happening anyway, Officer Saldana emailed her union attorney Susana Farber, saying she felt her repeated requests not to be scheduled with Cole were falling on deaf ears, and that she felt powerless. Farber followed up with an email to management.

37.     On August 3, 2020, Officer Saldana filed a PMR 21 complaint describing the years-long pattern of harassment and retaliation she had been subjected to following the complaint of sexual assault by Cole. This included evidence that Deputy Chief Zamudio failed to properly report and investigate the equal employment complaint she made to him in January 2016; and that Zamudio had threatened to open an IA investigation over her claim that her performance evaluation contained false statements. Officer Saldana also pointed to Raitano's display of Cole's photo as a further act of retaliation.

38.     Officer Saldana also supported her claim of retaliation with evidence that Krupinsky assigned her an excessive case load; intentionally delayed her request to transfer from the adult to the Juvenile Division; denied her a promotion to senior Deputy Probation Officer (DPO); intentionally placed her in training sessions with Cole

despite her numerous and repeated requests not to attend trainings with him; subjected her to excessive scrutiny; and caused false information to be included in her 2017-2018 performance review.

39.    On or about October 6, 2020 Officer Saldana received her annual performance evaluation, which was four months late. She went from having seven "exceeds expectations" out of nine categories in 2019 to two out of nine "exceeds expectations" in 2020. Notably, the only things that changed were that she had taken FMLA leave for her own serious health condition (stress); and participated in the investigation stemming from the filed PMR 21.

40.    The performance review also contained several false and misleading statements by Officer Saldana's supervisor, Janene Conner, including that she was unfocused and unreliable. In Eric Olsen's presence, Officer Saldana asked Conner for the factual basis for these statements; Conner replied, "I have no concrete facts." Conner tried to recant on her use of the word "unreliable" in the review, and asked Officer Saldana to do another self-assessment, which she did. After Saldana handed this self-assessment to Conner, she received another performance review on or about October 2, 2020 that still said she was unreliable and unfocused. She was required to address this on three separate occasions before this unfounded criticism was removed from her performance review.

41.    On April 7, 2021, the County's EEO Director Roger Crawford sent Officer Saldana the Notice of Completion of Investigation into her August 2020 PMR 21 complaint. She responded via email on April 9, 2021 saying that based on his findings, it was clear the County did not investigate specific incidents she raised, and did not interview key witnesses she identified. Crawford responded on May 13, 2021 saying the County would open a supplemental investigation into the complaint, having determined that "there were additional facts to be investigated regarding whether allegations of harassment and retaliation that you raised in 2016 were properly reported and investigated." (See Attachment 5.)

**COMPLAINT FOR DAMAGES**                                    *Saldana v. County of Marin, et al.*

42.     The County's investigation substantiated Officer Saldana's claims that Deputy Chief Zamudio failed to properly report and investigate her complaints of intimidation, retaliation, sexual harassment, and a hostile work environment; and that Zamudio had threatened to open an IA investigation over her claim that her performance evaluation contained false statements. (See Attachment 6.) This was communicated to Officer Saldana on July 16, 2021.

43.     Zamudio knew or should have known he had a duty to report and/or investigate Officer Saldana's complaints of harassment and intimidation, especially during an ongoing investigation, having worked his first three years with the County of Marin in its Human Resources department. He even developed the "Mariano University" course based on his "expertise" in human resources, and handed out diplomas. (Attachment 7.)

44.     Zamudio resigned his employment effective September 9, 2021, less than two months after the County completed its supplemental investigation substantiating Saldana's complaints against him.

45.     On July 14, 2021 a meeting took place to discuss the County's supplemental investigation into the PMR 21. The meeting was attended by Officer Saldana; her Union lawyer, Susana Farber; her Union steward; EEO Director Roger Crawford; Deputy County Counsel Leilani Battiste; and Chief of Probation Marlon Washington. It came out during this meeting that Crawford had neglected to provide Chief Washington with either the April 2021 Notice of Completion of the investigation into Officer Saldana's PMR 21 complaint, or the related findings. County Counsel appeared visibly shocked by this.

46.     On Friday, July 22, 2021 Officer Saldana filed a PMR 26 claiming EEO Director Roger Crawford had violated the County's personnel management regulations by failing to timely investigate her complaint, and by failing to timely deliver a copy of the County's supplemental investigative findings/Notice of Completion of Investigation

dated April 7, 2021 to Chief Washington. Officer Saldana's PMR 26 highlighted various deficiencies in the County's investigation of her PMR 21, including its failure to interview key fact witnesses she identified. While it did not dispute the truth of the underlying facts, the County took no action on Officer Saldana's PMR 26, deeming it untimely by a few days. (Attachment 8.)

47.     Individual Defendant David Cole has engaged in a years-long pattern of retaliation against Plaintiff that began after the complaint against him in connection with his sexual assault of Officer Saldana in 2015 was filed, and continuing up to the past year. This includes but is not limited to his giving Plaintiff intimidating and hostile looks, deliberately impeding her movement by moving in front of her in the hall when walking in opposite directions, causing her to have to move out of his way; taunting and teasing her; and whispering to coworkers while looking at Plaintiff with a sneer, then laughing loudly.

48.     Officer Cole has harassed numerous other female officers, many of whom have also filed PMR 21 complaints alleging sexual harassment by Cole. This includes Caroline O'Neill, who has first-hand knowledge of Cole's unprofessionalism, misconduct, and general disregard for the rules.

49.     In June of 2020, Caroline O'Neill was transferred from the juvenile intake unit to the adult medium risk unit, which was supervised by Cole. At the end of a one-on-one onboarding meeting with Cole, he stated they had covered enough material for the day. He proceeded to project his personal vacation pictures that he had taken at a car race in France to pass the time until the end of the workday. Cole narrated each slide, pointing out locations and providing context. One of the projected photographs depicted the backsides of two females who were walking in front of the camera. Cole made a comment to the effect of "and those are girls with good asses" before transitioning to the next slide and continuing his narration without pausing. The comment was inappropriate but, despite being uncomfortable, Officer O'Neill did not

say anything as she was new to the department. These allegations are confirmed by the sworn declaration of Officer O'Neill (Attachment 9.)

50.    In November 2020, Cole spontaneously spun Officer O'Neill around and placed her in a choke hold in a hallway at work. This was intended to intimidate Officer O'Neill. Officer O'Neill did not consent to this, and Cole did not ask for permission. Further, Cole is not certified as a weaponless defense instructor. Cole went on to tell Officer O'Neill he wanted to pepper spray her and could do so at any time.

51.    Officer O'Neill filed a PMR 21 with the County alleging sexual harassment and other misconduct by Cole. The County's investigation concluded Cole had inappropriately touched O'Neill and told her he wanted to pepper spray her. (Attachment 10.)

52.    Cole also failed to disclose a conflict of interest to Officer O'Neill between himself and a probationer in his chain of command, as he was required to do. Cole and this probationer's daughters had been on a sports team together. After interrupting Officer O'Neill's intake, Cole validated the probationers derogatory comments towards his victim and said the Court's recommendations were exorbitant.

53.    Officer Susana Ceniceros worked under Individual Defendant Zamudio and resigned her employment in September 2020 after spending years in what she felt was a toxic, hostile work environment. She was promoted only once early in her career, while male officers hired after her and whom she trained were promoted ahead of her. She has first-hand knowledge of Zamudio's offensive and unwanted conduct towards other females in the Probation Department, including Elida Andrada-Contreras and Fidelia Contreras, who actually changed how she dressed in the office because Zamudio's leering gave her "the creeps." Officer Ceniceros also has firsthand knowledge that Zamudio tended to hire female officers who were petite and physically attractive, and that he gave them more leeway. Ms. Ceniceros also has personal knowledge that Alisha Krupinsky encouraged her subordinates to keep tabs on other officers and report

back to her; those who did so were given preferential treatment.

54.     After former Chief Mike Daly announced his retirement, Zamudio made a bid for the Chief of Probation position. The Marin County Board of Supervisors received dozens of letters from female officers opposing Zamudio's bid for Chief of Probation.

55.     Officer Yuliana Valenzuela has been with the Department since 2005 and works under Individual Defendant Anthony Tony Raitano. She has heard Cole make numerous inappropriate, race-based comments, and has heard Zamudio make inappropriate comments as well. She has personal knowledge that Krupinsky used her subordinates to feed her information about other officers, and rewarded them in exchange. Krupinsky also disclosed confidential medical information about Officer Valenzuela's medical condition. These allegations are confirmed in Officer Valenzuela's sworn declaration. (Attachment 4.)

56.     Since Cole's sexual assault on Officer Saldana in 2015, Officer Valenzuela heard others in the office make comments like, "slap a butt and get promoted." She heard this or similar comments about 10 times. She understood this to be a direct reference to Cole being promoted after his sexual assault on Officer Saldana, both of which were common knowledge in the Department. These allegations are also confirmed by Officer Valenzuela's sworn declaration.

57.     Maria Mendoza is another former probation officer and subordinate of Cole who filed a PMR 21 in February 2021 alleging Cole touched her inappropriately. She did not report the incident at the time because she was a probationary employee and feared retaliation. But after Ms. Mendoza developed a medical condition that made it more difficult for her to work, she requested accommodation from Cole. Instead of offering her a leave of absence, however, Cole pushed her to work even harder, beyond what was possible for her under the circumstances. She was fired by Cole and Krupinsky without explanation in November 2020 without being given a meaningful opportunity to improve her performance.

**COMPLAINT FOR DAMAGES**                                    *Saldana v. County of Marin, et al.*

58.     Heather Donoho is a Senior Deputy Probation Officer who was interviewed in connection with her own complaint of harassment against a probation officer named Jonathan Grant. Officer Donoho disclosed facts to the County's investigator showing Individual Defendant Krupinsky used subordinates like Cole to intimidate probation officers and threaten their prospects for promotion if they spoke out against perceived misconduct within the department.

59.     Separately, in or around October 2019, Cole asked Officer Donoho, "Do you like the game cornhole (the game where bean bags are tossed through holes in a game-board)?" Officer Donoho said she played it when she went camping. Cole then showed her a picture on his phone where the beanbags were semen and the holes were vaginas. Though she was utterly shocked, Donoho did not report this at the time because she knew first-hand that the County had failed to protect Officer Saldana from retaliation after the report of Cole's sexual assault, and feared retaliation herself.

60.     Fidelia Contreras is another female employee in the probation department whom Cole allegedly sexually harassed and assaulted in 2021. Specifically, he grabbed her hips from behind and thrust his genitals into her buttocks, saying she needed to divorce her husband.

61.     Ms. Krupinsky was placed on administrative leave in early June 2022 and announced her retirement on December 12, 2022. Officer Saldana is informed and believes this resulted from the fact she was in a years-long *quid pro quo* sexual relationship with, and exercised undue influence over, a subordinate male officer named Ulises Ramirez, who was promoted to Senior Deputy Probation Officer (DPO) during his relationship with Krupinsky. Officer Ramirez disclosed his *quid pro quo* relationship with Krupinsky after he tried to end it, and she continued to try to exert undue influence over him.

62.     The County's Human Resources Department was essentially complicit for years in the misconduct experienced by Officer Saldana and other women in the

**COMPLAINT FOR DAMAGES**                          *Saldana v. County of Marin, et al.*

Probation Department. Angela Nicholson, who served as Interim HR director at the time of Saldana's initial 2016 complaint and thereafter became the County's Assistant County Administrator until 2021, and her successor as HR Director, Mary Hao, all knew Officer Saldana was continuing to experience retaliation; and knew the County was not following its own policies. Yet Human Resources, in addition to various management employees within the Probation Department, has taken inadequate steps to remedy the unlawful conduct. Plaintiff believes  Defendant County has a pattern of practice of failing to take immediate and appropriate corrective action to prevent harassment, discrimination, and retaliation from occurring; and of failing to follow its own policies and other applicable laws related to handling and investigating complaints of unlawful conduct.

63.     Isaac Kaijankoski, the former assistant to the HR Director, resigned his job without giving notice at the end of January 2022. Next, HR Director Mary Hao gave notice of her resignation the first week of March 2022. Angela Nicholson then gave notice of her resignation in June 2022, as did Dominique Burton, who oversaw the County's learning and organizational development division. Saldana is informed and believes these retirements were related to the botched handling of the PMR complaints and the revelations of other misconduct and dysfunction within the Probation Department, including the unexpected retirements of Individual Defendants Alisha Krupinsky and Mariano Zamudio.

64.     As a proximate result of Defendants' unlawful employment practices, Plaintiff has suffered the loss of salary, benefits, and additional amounts of money she would have received if she had not been subjected to the unlawful conduct alleged herein, in an amount according to proof.

65.     As a further proximate result of Defendants' unlawful employment practices, Plaintiff has suffered sickness, physical injury, mental anguish, outrage, embarrassment, humiliation, aggravation, emotional distress, and has experienced

other stresses and injuries, in an amount according to proof.

66.     Defendant County, through its managing agents, officers, and directors, and namely Individual Defendants Mariano Zamudio, David Cole, Alisha Krupinsky, and Anthony Raitano, (the "Individual Defendants") acted with malice, oppression, or fraud, in wanton and reckless disregard of Plaintiff's rights, or that they knew of and ratified said conduct, such that their conduct warrants the imposition of punitive damages against the Individual Defendants in an amount sufficient to punish them and deter other supervisory employees from engaging in similar misconduct.

### FIRST CAUSE OF ACTION

### Failure to Prevent Harassment, Discrimination, And Retaliation
### (Government Code section 12940(k))
### *(Against Defendant the County)*

67.     Plaintiff realleges the preceding paragraphs as though fully pled in this cause of action.

68.      Government Code section 12940(k) provides that it is an unlawful employment practice for an employer to fail to take all reasonable steps necessary to prevent discrimination, retaliation, and harassment from occurring.

69.     Plaintiff was subjected to discriminatory and retaliatory conduct by Defendant County, through Individual Defendants David Cole, Anthony Raitano, Mariano Zamudio, and Alisha Krupinsky, which has been continuous and ongoing since 2015, because of her sex/ gender; and for protesting Cole's sexual harassment. Cole, Raitano, Zamudio, and Krupinsky were supervisory employees at all relevant times.

70.     Defendant County was on notice that Plaintiff was being discriminated and retaliated against by Cole, Raitano, Zamudio, and Krupinsky because
 of her sex/gender; for the 2015 sexual assault complaint against Cole, and her participation in the investigation of that and subsequent complaints; but failed to take

**COMPLAINT FOR DAMAGES**                              *Saldana v. County of Marin, et al.*

immediate and corrective action, thus permitting the discrimination and retaliation to continue uncorrected through 2022.

71.     Defendant County repeatedly failed to take immediate and appropriate corrective action to prevent the unlawful conduct directed towards Officer Saldana. This is evinced by, *inter alia*, the fact Mariano Zamudio did not properly report or investigate Officer Saldana's complaint to him in January 2016 that she was being harassed by Cole, which the County first substantiated in July 2021 after performing a supplemental investigation at Plaintiff's insistence. As a result, Officer Saldana was required to endure a hostile work environment for the better part of a decade, causing her to experience significant emotional distress, as well as physical sickness and illness.

72.     Despite their own acts of discrimination and retaliation, neither Krupinsky, Raitano, nor Zamudio was disciplined in response to these acts. And despite the County's zero-tolerance policy for unlawful harassment, Cole was only suspended for one day, after which he was promoted twice within 18 months of the County's findings of "improper touching." This is not immediate and appropriate corrective action.

73.     In doing the acts alleged herein, Defendant County violated Government Code section 12940(k).

## SECOND CAUSE OF ACTION

## Retaliation for Opposing Conduct Prohibited by the FEHA

## (Gov. Code section 12940(h))

### *(Against all Defendants)*

74.     Plaintiff realleges the preceding paragraphs as though fully pled in this cause of action.

75.     Government Code section 12940(h) makes it unlawful for any person to retaliate against an employee for opposing conduct made unlawful by the FEHA, including sexual harassment and failure to prevent harassment, discrimination, and retaliation from occurring.

76.    In doing the acts alleged herein, Defendants violated Government Code section 12940(h). As Plaintiff's supervisors, Individual Defendants Zamudio, Krupinsky, Cole, and Raitano may be held individually liable for retaliation under the Fair Employment and Housing Act, Government Code section 12940(h). (See *Winarto v. Toshiba Am. Elecs. Components, Inc.* (9th Cir. 2001), 274 F.3d 1276, 1288.) Plaintiff is also informed and believes that Individual Defendants Zamudio, Krupinsky, Cole, and Raitano acted in concert, aiding and abetting each other to retaliate against Officer Saldana for her protected activity and criticism of the County's handling and investigation of her complaints.

## THIRD CAUSE OF ACTION

## Retaliation in Violation of Title VII

## (42 USC section 2000e-3 (a))

## *(Against Defendant County)*

77.    Plaintiff realleges the preceding paragraphs as though fully pled in this cause of action.

78.    42 USC section 2000e-3, subd. (a) makes it unlawful for any employer to retaliate against an employee because she has opposed conduct made unlawful by Title VII, including sexual harassment; or because she has made a charge, testified, assisted, or participated in any manner in a related investigation or proceeding.

79.    In doing the acts alleged herein, Defendants violated 42 USC section 2000e-3, subd. (a).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

1.    That judgment be entered in favor of Plaintiff;

2.    That Plaintiff be awarded back pay, front pay, lost benefits, and

**COMPLAINT FOR DAMAGES**                                    *Saldana v. County of Marin, et al.*

prejudgment interest at the maximum rate permitted by law;

3.      That Plaintiff be awarded damages for pain, suffering, physical injury, sickness, shock, humiliation, and other forms of emotional distress in an amount no less than $5,000,000;

4.      That Plaintiff be awarded compensatory damages;

5.      That Plaintiff be awarded punitive damages against Individual Defendants Cole, Zamudio, Raitano, and Krupinsky under applicable law, including but not limited to Government Code section 12965, subdivision (b) and Civil Code section 3294

6.      Injunctive relief;

7.      Declaratory relief;

8.      Costs of suit incurred herein;

9.      Reasonable attorneys' fees;

10.     Trial by a jury of Plaintiff's peers; and

11.     Any such other and further relief as the Court deems proper and just.


Dated: March 30, 2023                    Meechan, Rosenthal & Karpilow, P.C.


                                        ___/s/Benjamin Karpilow_____
                                        Benjamin K. Karpilow
                                        Attorneys for Plaintiff
                                        Jennifer Saldana

**COMPLAINT FOR DAMAGES**                    *Saldana v. County of Marin, et al.*